Filed 07/28/26

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04388

---

NewRez, LLC d/b/a Shellpoint Mortgage Servicing v. Patricia Singh et al

---

## DECISION AND ORDER ON PLAINTIFF'S MOTIONS

By motion filed on June 16, 2026, Plaintiff NewRez, LLC, seeks reconsideration of the Court's order of June 2, 2026, which dismissed with prejudice Plaintiff's complaint against two Defendants for failure to file proof of timely service of the complaint and summons on those Defendants. Two other motions by Plaintiff, each filed on June 1, 2026, are also before the Court: (1) a motion to enlarge time to perform service on the two Defendants; and (2) a motion to perform service by publication.

Plaintiff is represented by Eva M. Massimino, Esq. For reasons that follow, Plaintiff's motions are denied.

*Analysis*

Plaintiff's motion for reconsideration is styled as a "Motion To Alter or Amend . . . Pursuant to V.R.C.P. 59(e)." That styling is mistaken, however, since Rule 59(e) of the Vermont Rules of Civil Procedure does not govern or authorize Plaintiff's motion. The motion seeks revision of an order that is interlocutory, rather than a final judgment that is appealable as of right. *Compare In re Burlington Bagel Bakery, Inc.*, 150 Vt. 20, 21 (1988) ("To be final and appealable an order must end litigation on the merits or conclusively determine the rights of the parties, leaving nothing for the court to do but execute the judgment.") (quotation omitted), *with* Pl.'s Mot. to "Alter or Amend" (Jun. 16, 2026), at I (observing that the Order did not dispose of "multiple pending motions before the Court"), *and* Mot. to Enlarge Time to Complete Service (June 1, 2026), at ¶ 2 (acknowledging that there are at least four other Defendants in the case who have been served).[1] That distinction is pertinent since Rule 59(e), by its terms, permits a party to seek relief as to "the judgment," and Rule 54(a) provides that "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Thus, "a motion for review of an interlocutory order cannot be made under Rule 59(e)." *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W.Va. 1998).

Instead, motions to revise interlocutory orders are "appropriate under the general power of revision contained in V.R.C.P. 54(b)." *Dudley v. Snyder*, 140 Vt. 129, 131 (1981). Such

---

[1] The order also does not become a final judgment by dint of Plaintiff's confession or concern that the two Defendants who have not been served will be found indispensable parties to this action if they cannot be joined.

1

relief is discretionary, afforded "as justice requires." *Id.*; *Putney Sch., Inc. v. Schaaf*, 157 Vt. 396, 407 (1991). Generally speaking, reconsideration under Rule 54(b) will not be granted "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted). Applying those standards, the Court finds no clear error or a need to prevent a manifest injustice.

The obligation to serve a defendant within a specific time period after the filing of a complaint arises from Rule 3(a), which provides, in pertinent part, as follows:

> When an action is commenced by filing [a complaint with the court], summons and complaint must be served upon the defendant within 60 days after the filing of the complaint. . . . If service is not timely made . . . , the action may be dismissed on motion, including motion of the court pursuant to Rule 41(b)(1), and notice[.]

V.R.C.P. 3(a). Thus, Rule 41(b)(1) governs a court's authority to order a dismissal on its own motion for failure to make timely service of process on a defendant. Rule 41(b)(1) provides, in pertinent part, that:

> [t]he court, on its own motion, after reasonable notice to all the parties, may dismiss any action, unless good cause is shown for continuance, when . . . [t]he plaintiff has not filed proof of service on the defendant against whom the claim is asserted within 90 days of the filing of the action, or within 90 days of any service deadline if it has been extended by the court. Where some defendants have been served and others have not, the court may dismiss claims against those who have not been served.

V.R.C.P. 41(b)(1)(ii).

In the instant case, by order issued on April 1, 2026, the Court granted in part a motion by Plaintiff that sought 90 additional days in which to serve the two Defendants—Maharanie Singh and Davicka Singh—who had not yet been served. The order read as follows:

> This is Plaintiff's fifth motion to extend time for service.[2] The Court will grant Plaintiff an additional 60 days to file a return of service with the Court. This is the last extension that will be permitted.

Thereafter, Plaintiff did not meet the new deadline. Plaintiff neither served its complaint and summons on the two Defendants, nor filed proofs of timely service with the Court, within 60 days after the date of April 1, 2026.[3] Instead, on June 1, 2026, Plaintiff filed both a motion for a

---

[2] From a re-examination of the docket it appears that this was merely Plaintiff's fourth motion, but the motions all came after the initial, 60-day period for service that was provided under Rule 3(a).

60-day enlargement of time to complete service and a motion to perform service by publication. The very next day, without adjudicating either of those motions, the Court issued an "Order of Dismissal For Failure to Serve Defendants," which read in full as follows:

> The complaint was filed in this case on October 7, 2025. Since the complaint was filed, Plaintiff has sought three extensions of time to effectuate service on the remaining two defendants. The court indicated in its Order dated April 1, 2026 that no further extension would be granted. Therefore, pursuant to Vermont Rule of Civil Procedure 41(b), as to Defendants Maharanie Singh and Davicka Singh, this case is dismissed with prejudice.

In its motion for reconsideration, Plaintiff now argues that this June 2nd order of dismissal constitutes clear legal error, for two primary reasons: (1) the Court could not properly issue a Rule 41(b)(1)(ii) order of involuntary dismissal without considering the grounds offered by Plaintiff for yet another extension, as set forth in Plaintiff's motions of June 1st; and (2) assuming a dismissal could be entered, the Court was without legal authority to do so *with prejudice*. These arguments are unavailing.

First, Plaintiff argues clear legal error due to the Court's failure, before entering the order of dismissal, to consider and dispose of Plaintiff's pending motions for enlargement of time and for service by alternative means. However, assuming *arguendo* that such omissions were error, they were harmless, *see* V.R.C.P. 61, and do not warrant revision of the dismissal order. The Court is convinced—given the nearly nine months afforded to complete service, coupled with Plaintiff's less-than-diligent efforts at service—that there was no "good cause" for a further extension of time. *See* V.R.C.P. 6(b)(1)(A) (extension of time to act granted for "good cause" if extension sought within period of time in which to act); *Bessette v. Dep't of Corr.*, 2007 VT 42, ¶ 10, 181 Vt. 1 ("a properly granted Rule 6 extension can extend time for service under Rule 3"). Indeed, where—as here—a court grants a requested extension of time with a warning and admonition that no further extensions of time will be granted, the order operates as a sort of pre-emptive (nor nearly so) exercise of the court's discretion against future extensions. Such a warning indicates that, given what the party has done or failed to do earlier and in light of other relevant circumstances, good cause for another extension of time has been well exhausted or forfeited (or will be considered as such, if the party fails to act within the deadline and seeks yet another extension). This Court's "no further extensions" warning was plain, it means what it says, and it should be treated as such. *See In re MarketXT Holdings Corp.*, 455 F. App'x 41, 43 (2d Cir. 2012) (affirming order of dismissal, and refusal to grant a fourth extension of time, where district court expressly warned upon granting third extension that "no further extensions" of time to appeal from bankruptcy court would be granted); *Hawkins & Powers Aviation, Inc. v. United States*, 2 F. App'x 907 (Fed. Cir. 2001) ("The court meant what it said in its order that granted the final extension of time . . . with '[n]o further extensions.'"); *Gulla v. Dennehy*, 269 F.

---

[3] "The requirement of timely service and the requirement to file proof of that timely service are separate obligations." *Doe v. Camacho*, 2024 VT 72, ¶ 23, 220 Vt. 226. Yet, the requirements are related, in that the plaintiff's performance of the former requirement must chronologically precede performance of the latter requirement. Thus, by ordering that a "return of service" be filed within 60 days, the Court indicated that *both* the *act* of completing timely service and the filing of *proofs* of the act of timely service were to be completed within 60 days.

App'x 12, 13 (1st Cir. 2008) (per curiam) (affirming dismissal for failure to prosecute given "generous" extension of time to file amended complaint and plaintiff's failure to timely file it despite trial court's warning that "no further extensions" would be granted); *Bruce v. Cnty. of Rensselear*, No. 02-CV-0847, 2003 WL 22436281, at *4 (N.D.N.Y. Oct. 20, 2003) (affirming magistrate's denial of request for extension of time to file motion for class certification, given three prior extensions and a year of time in which to file, as well as notice that "there would be no further extensions"); *Newfield v. State*, 766 S.W.2d 408, 409 (Tex. App. 1989) (declining fourth motion for extension of time to file opening brief where court warned when granting third extension that "no further extensions will be granted").[4]

Moreover, even assuming that the Court, notwithstanding the "no further extensions" warning, still retained some discretion to extend the service deadline further, perhaps for truly exceptional circumstances—*e.g.*, where the movant shows that for an extraordinary, supervening event or circumstance, entirely beyond the control or foresight of the movant, the deadline could not be met—Plaintiff's motions fell far short. The motions merely noted that attempts at service on Maharanie Singh and Davicka Singh had been unsuccessful, that Plaintiff had determined that efforts at traditional service had been "exhausted," and that Plaintiff would seek leave to perform service by publication.[5] This is just more of the same.

Plaintiff did not articulate what event or circumstance actually and justifiably *caused* Plaintiff to fail to complete service within the expansive time afforded to Plaintiff in this case, or why Plaintiff had not sought leave for alternative service much earlier. *Cf. Vt. Human Rights Comm'n v. Town of Waterbury*, No. 231-4-19 Wncv, 2019 WL 13061480, at *4 (Vt. Super. Ct. Dec. 5, 2019) (Tomasi, J.) (excusable neglect not shown where plaintiff failed to explain what "*caused* it to fail to comply with its obligation to file the executed waiver of service in a timely manner in this case"). Indeed, as far back as December 31, 2025, Plaintiff told the Court, as justification for a requested extension, that traditional service would be attempted on a "final possible address" for the two Defendants, and if that attempt proved fruitless, Plaintiff would

---

[4] A court's involuntary dismissal must be preceded by "reasonable notice." V.R.C.P. 41(b)(1). Here, Plaintiff makes no argument that it was deprived of reasonable notice. Indeed, given Plaintiff's apparent knowledge that the two Defendants are record owners of the mortgaged premises, and of the potential risks to Plaintiff's entire foreclosure action if those Defendants are found indispensable parties who cannot be joined, the "no further extensions" order perhaps deserved the treatment and respect "reserved for a time bomb." *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987) (quotations omitted).

[5] Surprisingly, Plaintiff indicated that "since" the Court's order of April 1, 2026, "Patricia Sonnen Singh has been served . . . ." Pl.'s Mot. to Enlarge Time to Complete Service (Jun. 1, 2026), at ¶ 2. This appears to be an effort to claim some recent and material progress on the part of Plaintiff, in regards to completing service. If so, the effort falters. As indicated in multiple prior motions for extensions of time filed by Plaintiff, and by the process server's own affidavit of service, Patricia Sonnen Singh was served in early December of 2025. With regard to Maharanie Singh and Davicka Singh, the two Defendants who have not been served, it is notable that Plaintiff, and/or their process server has acted on the belief or assumption that those Defendants were residing in the same residence. The record does not show, for example, that the two were thought to be living separately and apart, such that they had to be served at distinct addresses. This would appear to reduce the burden of performing service, as compared to serving two defendants who are living separately and apart. Additionally, this factor—together with Plaintiff's penchant for submitting identical copies of certain affidavits from its process servers—significantly weakens Plaintiff's claim that "approximately thirty-six (36) pages of service effort documentation" shows diligence in attempting service. Pl.'s Mot. To Alter or Amend, at I.

4

move for leave to perform alternate service. Plaintiff does not articulate why it neglected to pursue alternate service as it indicated it would, or why it took until June 1, 2026, to finally seek leave for alternate service. *Cf. Comacho*, 2024 VT 72, ¶ 27 (failure to timely move for leave to serve by alternative means weighs against finding that plaintiff's failure to serve was due to unavoidable accident); V.R.C.P. 1 (requiring courts to construe and administer all of the Civil Rules, including Rule 6(b), "to secure the just, speedy, and inexpensive determination of every action"); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) ("'half-hearted' efforts by counsel to effect service of process prior to the deadline" and delays due to "inadvertence of counsel" do not amount to good cause) (citing *Lovelace v. Acme Markets, Inc.*, 820 F.3d 81, 84 (3d Cir. 1987)).

To be sure, the Court has found other indicators of Plaintiff's lack of reasonable alacrity in pursuing service of process, particularly when viewed in light of the nearly nine months of time since the complaint was filed. For example, from their multiple motions for enlargement of time to perform service, it appears Plaintiff's attorneys did not view their own process server as their agent, but rather, as an independent actor who was fairly beyond their oversight and control. The server's non-responsiveness over multiple months was repeatedly cited by Plaintiff's attorneys as justification for enlargements of time. *See, e.g.,* Pl.'s Mot. To Enlarge Time To Complete Service (Jan. 30, 2026), ¶ 7 ("Plaintiff has contacted out-of-state process server [regarding] . . . the current status of service for remaining defendants. No information has been given other than they will reach out to the server who is handling."); Pl.'s Mot. To Enlarge (Mar. 30, 2026), ¶ 7 (identical language and explanation as on January 30, 2026). Yet, "the failure of a process server to perform does not constitute good cause, because it is the responsibility of counsel to monitor the process server to ensure that defendant is properly served." *Slater v. Cincinnati Ins. Co.*, 165 F.R.D. 100, 101 (D. Kan. 1996) (citing, *inter alia*, *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987); *see also Petrucelli*, 46 F.3d at 1307 ("reliance upon a third party or process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service"). Eventually and ultimately, after nine months and four extensions of time, blame for a slow and/or non-responsive process server must rest with the plaintiff and its counsel. Service deadlines and a clear judicial warning and admonition must mean something. Accordingly, therefore, Plaintiff's June 1st motion for enlargement of time will be denied, and Plaintiff has shown at most harmless error from the Court's failure to consider and dispose of that motion prior to ordering involuntary dismissal.

Plaintiff also challenges the dismissal on grounds that the Court could not order a dismissal *with prejudice.* Plaintiff argues that dismissals for failure to timely complete service are akin to dismissals for lack of jurisdiction, and thus, may never amount to an adjudication on the merits. To the contrary, Rule 41(b)(3) provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." V.R.C.P. 41(b)(3); *see also Deutsche Bank v. Pinette*, 2016 VT 71, ¶ 18, 202 Vt. 328 (Rule 41(b)(3)'s "plain language . . . is exceedingly clear" that "unless a trial court specifically says otherwise in its order, a dismissal predicated on a lender's failure to seek a default judgment operates as an adjudication on the merits"); *Stratton Corp. v. Engelberth Constr., Inc.*, 2015 VT 75, ¶ 18, 199 Vt. 388 (dismissal under Rule 41(b) "operated as an adjudication upon the merits"); 9 Arthur R. Miller, *Federal Practice & Procedure Civil* § 2373

(4th ed., updated June 9, 2026) ("As [the final sentence of F.R.C.P. 41(b)] clearly states, and the extensive case law supports, a dismissal under Rule 41(b) . . . will operate as an adjudication on the merits."); *Deutsche Bank*, 2016 VT 71, ¶ 18 ("Rule 41(b)(3) is essentially identical to F.R.C.P. 41(b)."). Further, Rule 41(b)(3) states that "any dismissal not provided for" in Rule 41(b), "other than [*inter alia*] a dismissal for lack of jurisdiction," also "operates as an adjudication on the merits." V.R.C.P. 41(b)(3). *See also Federal Practice & Procedure Civil* § 2373 ("The provision pertaining to dismissals with prejudice applies to *any dismissal under Rule 41(b)'s ambit*, and, with three specified exceptions, also to 'any dismissal not provided for in this rule.'") (emphasis added). That a dismissal for lack of jurisdiction does not even fall within the class of dismissals "provided for" in Rule 41(b) undercuts Plaintiff's contention that a dismissal under Rule 41(b) for lack of timely service is akin to a dismissal for lack of jurisdiction and may not be made with prejudice. As such, it was not error for the Court to order dismissal with prejudice.[6]

## ORDER

Plaintiff's motion for reconsideration and its motion for enlargement of time to complete service are both denied. Plaintiff's motion to perform service by publication is denied as moot. As stated in the order dated June 2, 2026, Plaintiff's claims against Maharanie Singh and Davicka Singh are dismissed with prejudice.

Electronically Signed on: Tuesday, July 28, 2026 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge

---

[6] Nor was it error to enter dismissal prior to the expiration of Rule 41(b)(1)(ii)'s 90-day period, a period that begins to run from the court-ordered deadline by which to effectuate service. (Here, the deadline was 60 days from April 1, 2026). Since that deadline will not be extended further, and since there is no doubt that Plaintiff did not actually effect service on the two Defendants before the deadline passed, it will be impossible for Plaintiff to ever "file proof of *timely* service on [the[ defendant." *Comacho*, 2024 VT 72, ¶ 23. Therefore, Plaintiff does not enjoy the 90-day buffer against involuntary dismissal.

Separately, the Court observes that there is an apparent inconsistency with regard to the two, 90-day time periods set forth in Rule 41(b)(1)(ii), as amended in 2019. The Rule indicates that such time periods must elapse—without the plaintiff having filed a proof of service—before a court may enter an involuntary dismissal. The first clause of the first sentence of Rule 41(b)(1)(ii) provides that a court may enter dismissal if proof of service was not filed within 90 days after the filing of the complaint. Stated differently, dismissal may be entered if no proof of service is filed within 30 days of the expiration of Rule 3(a)'s 60-day period in which to perform service (that being so because Rule 3(a)'s 60-day period also begins to run from the date the complaint is filed). By contrast, under the second clause of the first sentence of Rule 41(b)(1)(ii)—"or within 90 days of any service deadline if it has been extended by the court"—the plaintiff is given 90 days after the service deadline (not merely 30 days) in which to file a proof of service and thereby nullify or defeat a court's power to order a dismissal on its own motion. This inconsistency appears doubly strange because, as compared to the plaintiff who did not obtain an extension of Rule 3(a)'s service deadline, the plaintiff who obtained an extension receives an additional buffer of time (of 60 days) in which to file a proof of service and thus avoid dismissal. This Court, however, will read Rule 41(b)(1)(ii) as written, rather than trying to reconcile or make the provision internally consistent. And in any event, as noted above, because Plaintiff did not effectuate service by the service deadline, it cannot possibly file a proof of *timely* service, which means the Court did not have to wait for 90 more days before it may enter dismissal.